UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TANYA HULL,

                    Plaintiff,

      -against-                                  1:14-CV-1286 (LEK/RFT)

COUNTY OF SCHENECTADY,
NEW YORK; and SCHENECTADY
COUNTY SHERIFF'S DEPARTMENT,

                      Defendants.

## MEMORANDUM-DECISION and ORDER

**I.    INTRODUCTION**

Plaintiff Tanya Hull ("Plaintiff") filed this employment action against Defendants County of Schenectady and Schenectady County Sheriff's Department ("the Department") (collectively, "Defendants"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981. Dkt. No. 1 ("Complaint"). Presently before the Court is Defendants' Motion to dismiss. Dkt. No. 8 ("Motion"). For the following reasons, the Motion is granted in part and denied in part.

**II.    BACKGROUND**[1]

Plaintiff is an African-American woman who has been employed as a corrections officer with the Department at the Schenectady County Jail since March 31, 2002. Compl. ¶¶ 1, 9. On

---

[1] Because this matter is before the Court on a motion to dismiss, the allegations of the Complaint are accepted as true and form the basis of this section. See Boyd v. Nationwide Mut. Ins. Co., 208 F.3d 406, 408 (2d Cir. 2000); see also Matson v. Bd. of Educ., 631 F.3d 57, 72 (2d Cir. 2011) (noting that, in addressing a motion to dismiss, a court must view a plaintiff's factual allegations "in a light most favorable to the plaintiff and draw[] all reasonable inferences in her favor").

October 30, 2010, Plaintiff took the Department's promotional exam for the position of corrections sergeant ("sergeant"). Id. ¶ 12. She scored an 85 on the exam. Id. In the summer of 2012, the Department conducted interviews for that position. Id. ¶ 13. Plaintiff was interviewed for the position on August 1, 2012, by Sheriff Dagostino, Undersheriff Pollard, and Major Ewell. Id. ¶¶ 13, 16. The interviewers informed Plaintiff that her interview was "one of the best that had ever been conducted by an applicant." Id. ¶ 16. Plaintiff had more seniority than any other applicant who was interviewed, by at least four years. Id. ¶ 14.

The Department interviewed five other applicants for the position, all of whom were Caucasian men. Id. ¶ 15. The candidate pool also contained one bi-racial male and one Guyanese male, neither of whom were interviewed for the position. Id. On August 7, 2012, Plaintiff was informed that Anthony Sinatra, a Caucasian male, was promoted to sergeant. Id. ¶ 26.

Plaintiff was told that she was denied the promotion based on a disciplinary incident that occurred on August 4, 2012, just three days after her interview. Id. On August 4, Plaintiff brought a gift bag containing a bottle of wine onto the premises of the Schenectady County Jail. Id. ¶ 17. Plaintiff intended to give the wine as a birthday gift to a nurse who worked in the medical unit of the jail. Id. When Plaintiff arrived at the medical unit, the nurse was on the phone. Id. ¶ 18. Plaintiff then placed the bag on a chair, and while she was waiting next to it, the wine fell and broke on the floor of the medical unit. Id. ¶ 19. When the bottle broke, the only inmates in the vicinity of the broken glass were preparing breakfast in the kitchen. Id. ¶ 20. Plaintiff removed the broken glass and left the medical unit to find an inmate to assist in cleaning up the spilled wine. Id. ¶ 21. Sergeant Karen Pelletier ("Sergeant Pelletier"), the only female sergeant at the Department, was alerted to the situation. Id. ¶¶ 22, 28. Plaintiff alleges that Sergeant Pelletier was "elated to sign a

2

statement against [Plaintiff], as she has a demonstrated dislike for African-Americans and definitely did not want [Plaintiff] promoted to Correction Sergeant." Id. ¶ 23.

Plaintiff alleges that the Department "unfairly singled out [Plaintiff] for unequal treatment" by turning the August 4 incident into a disciplinary issue. Id. ¶ 30. According to Plaintiff, on another occasion, a different corrections officer brought wine into the jail and was not disciplined. Id. ¶ 31.

Since she was denied the promotion in 2012, Plaintiff has applied for promotion four more times. Id. ¶ 29. In each case, Plaintiff had the highest test score and the most seniority of any applicant. Id. In each round, however, a Caucasian man was selected for promotion. Id. ¶¶ 34, 38-43. Plaintiff alleges that the Department used the August 4, 2012 incident, as well as an incident that occurred on February 19, 2013, in which Plaintiff had a verbal disagreement with Sergeant Pelletier, as pretextual reasons to deny her a promotion to sergeant. Id. ¶¶ 36, 45.

Plaintiff alleges that the Department operates under the discriminatory policy of denying promotions to otherwise qualified African-Americans and women. Id. ¶ 2. In support of this theory, Plaintiff alleges that the Department has never promoted an African-American woman to sergeant, despite the fact that numerous African-American women are employed by the Department. Id. ¶ 27. In the past several decades, the Department has only promoted two African-American men to sergeant. Id. Furthermore, Plaintiff alleges that there is only one female sergeant currently employed at the Department, Sergeant Pelletier. Id. ¶ 28. Plaintiff alleges that the only other woman to be promoted to sergeant in the Department's recent history was promoted because she was married to a Lieutenant in the Department at the time of her promotion. Id. ¶ 28. After the couple divorced, this sergeant was demoted back to corrections officer. Id.

3

Plaintiff filed a discrimination charge associated with her first two denials of promotion with the Equal Employment Opportunity Commission ("EEOC") on May 16, 2013. Id. ¶ 50. Plaintiff subsequently added the third, fourth, and fifth denials of promotion to her EEOC Complaint. Id. ¶¶ 51, 52. The EEOC issued Plaintiff a right-to-sue letter on July 18, 2014. Id. ¶ 53. On October 20, 2014, Plaintiff filed the instant Complaint, alleging race and gender discrimination under Title VII and race discrimination under 42 U.S.C. § 1981. See generally id. Defendants move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action and on the ground that the Complaint was untimely. See Mot.; Dkt. No. 8-4 ("Memorandum of Law"). Plaintiff filed a Response opposing the Motion. See Dkt. No. 10 ("Response"). Defendants conceded in their Reply that the action was timely commenced. See Dkt. No. 12 ("Reply").

### III.   LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also FED. R. CIV. P. 12(b)(6). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556. The plausibility standard "asks for more than a sheer possibility that a

4

defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See Iqbal, 556 U.S. at 678-79.

## IV. DISCUSSION

Plaintiff alleges that she was denied a promotion to sergeant on several occasions because Defendants discriminated against her on the basis of her race and gender. See Compl. ¶ 3. Plaintiff's first and third causes of action allege race and gender discrimination, respectively, in violation of Title VII. Id. ¶¶ 54-57; 62-65. Defendants argue that Plaintiff's Title VII claims should be dismissed because there are legitimate, non-discriminatory reasons for denying her a promotion. Mem. at 7-8. Plaintiff's second cause of action alleges race discrimination in violation of 42 U.S.C. § 1981. Compl. ¶¶ 58-61. Defendants argue that Plaintiff's § 1981 claim should be dismissed because Plaintiff failed to show that Defendants operated under a pattern or practice of discrimination. Mem. at 7. Additionally, Defendants argue that the Department is not a distinct entity from the County of Schenectady, and consequently, the claims against the Department should be dismissed.

### A. Schenectady County Sheriff's Department

Defendants argue that all claims against the Department should be dismissed on the ground that the Department is merely an administrative arm of Schenectady County, and therefore is not a distinct entity that is subject to suit. See Mem. at 9. The Court agrees. See Baker v. Willett, 42 F.

5

Supp. 2d 192, 198 (N.D.N.Y. 1999) (dismissing claims against the Warren County Sheriff's Department as redundant where Plaintiff had also asserted claims against Warren County). Since the Department "is merely an administrative arm of the County, ... the County is the real party in interest." Id. Accordingly, all claims against the Department are dismissed.

### B. Title VII Discrimination Claims

Defendants argue that Plaintiff has failed to state a cause of action under Title VII based on either gender or race discrimination because Plaintiff admits that she "broke the law" by bringing contraband into the Schenectady County Jail. Mem. at 7. Thus, Defendants argue that Plaintiff cannot establish a *prima facie* case of discrimination because Defendants had a legitimate reason to deny Plaintiff a promotion. See id. at 7-9.

Under Title VII, it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In an employment discrimination action, a plaintiff bears the initial burden of proving, by a preponderance of the evidence, a *prima facie* case of discrimination. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-510 (1993). This initial burden is "minimal." Id. at 506.

In order to set forth a *prima facie* case of discriminatory failure to promote in violation of Title VII, a plaintiff must allege that: "(1) she is a member of a protected class; (2) she was qualified for the job for which she applied; (3) she was denied the job; and (4) the denial occurred under circumstances giving rise to an inference of discrimination on a basis forbidden by Title VII." Heap v. Cnty. of Schenectady, 214 F. Supp. 2d 263, 268 (N.D.N.Y. 2002) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 63

(2d Cir. 1997)).  Once the plaintiff satisfies her initial burden, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the adverse employment action. McDonnell Douglas, 411 U.S. at 802.  If the defendant provides a legitimate, nondiscriminatory reason for the action, "the presumption raised by the *prima facie* case is rebutted and drops from the case."  St. Mary's, 509 U.S. at 507 (internal citations omitted).

A complaint "need not allege facts establishing each element of a *prima facie* case of discrimination to survive a motion to dismiss."  EEOC v. Port Auth. of N. Y. & N. J., 768 F.3d 247, 254 (2d Cir. 2014) (internal citations and quotation marks omitted).  Rather, the complaint "must at a minimum assert nonconclusory factual matter sufficient to 'nudge[] [its] claims'. . . 'across the line from conceivable to plausible' to proceed."  Id. (quoting Iqbal, 556 U.S. at 680).  Stated differently, "to survive a motion to dismiss, a Title VII plaintiff's complaint must be facially plausible and allege sufficient facts to give the defendant fair notice of the basis for the claim; it need not, however, make out a *prima facie* case."  Brown v. Dakin Am. Inc., 756 F.3d 219, 228 n.10 (2d Cir. 2014).  Additionally, there is no need to evaluate a plaintiff's claims under the McDonnell Douglas burden-shifting framework at the motion to dismiss stage.  Boykin v. KeyCorp, 521 F.3d 202, 212 (2d Cir. 2007).  The McDonnell Douglas burden-shifting framework "is an evidentiary standard, not a pleading requirement."  Swierkiewicz v. Sorema, 534 U.S. 506, 508 (2002).[2]

Nevertheless, courts often consider whether a plaintiff has set forth the elements of a *prima facie* case of discrimination when determining whether a plaintiff's claims for relief are plausible.

---

[2] Both parties discuss at length the incident in which Plaintiff brought wine into the Schenectady County Jail.  To the extent that this incident is offered to show that Defendants had a legitimate reason for denying Plaintiff a promotion, such evidence should not be considered by the Court at the motion to dismiss stage.  Rather, the Court's inquiry is focused on whether the Plaintiff has met her burden of pleading a plausible case of discrimination.  See Boykin, 521 F.3d at 212.

7

See Trachtenberg v. Dep't of Educ. of N.Y. City, 937 F. Supp. 2d 460, 466 (S.D.N.Y. 2013). The purpose of this inquiry is to ensure that there is "sufficient factual matter in the complaint which, if true, gives Defendant a fair notice of Plaintiff's claim and the grounds on which it rests." Henry v. N.Y. City Health & Hosp. Corp., 18 F. Supp. 3d 396, 404 (S.D.N.Y. 2014) (internal quotation marks omitted). "Generally speaking, a plaintiff's burden of establishing a *prima facie* case in the context of employment discrimination law is 'minimal.'" Collins v. N.Y. City Transit Auth., 305 F.3d 113, 118 (2d Cir. 2002) (citation omitted).

Plaintiff alleges that she was denied a promotion to sergeant for which she was otherwise qualified on account of her race and gender. Compl. ¶¶ 3,4. Plaintiff alleges that out of the applicant pool, she had the most seniority, earned the highest score on the promotional exam, and conducted one of the strongest interviews. Id. ¶¶ 3, 12, 14, 16. The Complaint alleges that the Department has never promoted an African-American woman to sergeant, "despite the fact that it employs numerous African-American women" as corrections officers. Id. ¶ 27. The Department has only promoted two African-American men and two women to sergeant in the last several decades. Id. ¶¶ 27-28. The Complaint also stated that Sergeant Pelletier had a "demonstrated dislike for African-Americans." Id. ¶ 23.

A plaintiff may raise an inference of discrimination for the purposes of establishing a *prima facie* case by "showing that the employer treated plaintiff less favorably than a similarly situated employee outside his protected group." Mandell v. County of Suffolk, 316 F.3d 368, 370 (2d Cir. 2003) (internal quotation marks omitted). However, a plaintiff must be "similarly situated in all material respects to the individuals with whom she seeks to compare herself." Id. Whether two employees are similarly situated is ordinarily a question of fact for the jury. Id. "[A] showing by a

plaintiff that he was qualified for a position and had greater or comparable seniority to the individual who received a promotion to that position is 'enough evidence to support a finding that the promoted officer [] and plaintiff were sufficiently similarly situated to support an inference of discrimination." Broich v. Inc. Vill. of Southampton, 462 Fed. App'x. 39, 43 (2d Cir. 2012) (quoting Mandell, 316 F.3d at 379); see also Heap, 214 F. Supp. 2d at 270 (finding plaintiff's denial of promotion occurred under circumstances giving rise to an inference of discrimination because of plaintiff's superior qualifications and evidence of defendants' attitudes toward promoting women in general). Drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff has plead sufficient facts to survive a motion to dismiss on her Title VII failure-to-promote claims based on race and gender discrimination.

**C. § 1981 Claim**

When a plaintiff brings an action under 42 U.S.C. § 1981 against a municipality, the plaintiff must show that the challenged acts were performed pursuant to a municipal policy or custom. Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004) (citing Jett v. Dallas Ind. Sch. Dist., 491 U.S. 701, 733-36 (1989)). To satisfy this requirement, a plaintiff is not required to identify a specific discriminatory rule or regulation. Sorlucco v. N.Y. City Police Dep't, 971 F.2d 864, 870 (2d Cir. 1990). Rather, it is sufficient to show that a discriminatory practice was so "persistent or widespread" as to constitute "a custom or usage with the force of law." Id. at 870-71.

Defendants argue that Plaintiff's § 1981 claim should be dismissed on the grounds that Plaintiff failed to show that Defendants were operating under a formal policy or practice. See Mem. at 6-7. The Complaint alleges that Defendants have a long pattern of racial discrimination against African-Americans who work at the Schenectady County jail. Compl. ¶ 2. This allegation is

9

supported by additional facts. Plaintiff alleges that Defendants have never promoted an African-American woman from corrections officer to sergeant, despite having employed numerous African-American women as corrections officers. Id. ¶ 27. The Complaint also alleges that the Department has only promoted two African-American men to the rank of sergeant over the past several decades. Id. Moreover, the Complaint alleges that on five separate occasions, Defendants promoted Caucasian men who were less qualified than Plaintiff. Id. ¶¶ 32-45. These allegations are sufficient to allege a persistent and widespread practice of discrimination against African-Americans to survive a motion to dismiss. See Sorlucco, 971 F.2d at 872 (finding that statistical evidence suggesting that police department operated under a policy or practice of discrimination coupled with specific examples of plaintiff's own treatment was sufficient to allow a jury to reasonably infer a pattern or practice of discrimination).

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion (Dkt. No. 8) to dismiss is **GRANTED in part**, as to the dismissal of the Schenectady County Sheriff's Department, and **DENIED in part**, as to Plaintiff's Title VII and 42 U.S.C. § 1981 claims; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: May 28, 2015
Albany, NY

Lawrence E. Kahn
U.S. District Judge